UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID J. NASTRI, ESQ., <br> WE THE PATRIOTS USA, INC. | : <br> : <br> : | DKT No.: |
| Plaintiff, | : <br> : | |
| v. | : <br> : | |
| MERRICK GARLAND, in his official capacity only; LOUIS DEJOY, in his official capacity only | : <br> : <br> : <br> : | |
| Defendant. | : | February 20, 2024 |

## COMPLAINT

1. This is an action for declaratory and injunctive relief that challenges the constitutionality of 18 U.S.C. § 930(a) as it applies to United States post offices and to David J. Nastri, Esq. and all similarly situated members of We The Patriots USA, Inc. 18 U.S.C. § 930's ban on the possession of firearms in post offices cannot pass constitutional muster under the historical standard that the Supreme Court announced in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022), and the Second Amendment requires the Court to put a stop to the federal government depriving law-abiding citizens of their right to keep and bear arms in a place that is no different from a convenience store or a restaurant and where the federal government takes no steps to ensure its security.

## PARTIES

2. Plaintiff David J. Nastri, Esq. is a United States and Connecticut citizen who maintains his permanent home in Cheshire, Connecticut. He is a member and supporter of We The Patriots USA, Inc.

3. Plaintiff We The Patriots USA, Inc. is a nonprofit public charity organized and operated exclusively for tax-exempt purposes in accordance with Section 501(c)(3) of the Internal Revenue Code. More specifically, it is dedicated to promoting constitutional rights, public safety, and other freedoms through education, outreach, and public interest litigation, thereby advancing religious freedom, medical freedom, parental rights, educational freedom, and public safety for all. As a Section 501(c)(3) public charity, it has members who participate in its tax-exempt activities as volunteers and committed community stakeholders bringing and supporting litigation in federal and state courts on a variety of constitutional and other freedom-related matters directly affecting their rights and interests. Many of its members are Connecticut residents affected by the matters complained of herein and share common claims to that brought by We The Patriots USA, Inc., in its representative capacity. Many of its members across the United States are also affected by the matters complained of herein.

4. The Defendant, Merrick Garland, is the United States Attorney General and is sued in his official capacity only. As the United States Attorney General, Garland is responsible for enforcement of the criminal enforcement of 18 U.S.C. § 930(a) and, upon information and belief, he and his subordinates at the United States Department of Justice prosecute individuals for violations of 18 U.S.C. § 930(a) each year, including for possessing firearms in United States Post Offices.

5. The Defendant, Louis DeJoy, is the Postmaster General of the United States and is sued in his official capacity only. As Postmaster General, DeJoy is responsible for an indispensable piece of enforcing 18 U.S.C. § 930(a) in United States Post Offices by placing, and requiring his subordinates to place, notice of 18 U.S.C. §

930(a)'s prohibition on firearms in United States Post Offices. Upon information and belief, DeJoy and his subordinates have placed and maintained such notices at most, if not all, United States Post Offices across the United States, thus subjecting law-abiding citizens to the threat of criminal prosecution and actual criminal prosecution for violating 18 U.S.C. § 930(a).

## JURISDICTION

6.      The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, 2201, and § 1651. Venue is appropriate under 28 U.S.C. § 1391 because Nastri is domiciled and all of the conduct giving rise to the cause of action is occuring in Connecticut.

## FACTUAL ALLEGATIONS

### *The United States' Prohibition On The Possession of Firearms In Federal Facilities.*

7.      18 U.S.C. § 930(a) provides:

Except as provided in subsection (d), whoever knowingly possesses or causes to be present a firearm or other dangerous weapon in a Federal facility (other than a Federal court facility), or attempts to do so, shall be fined under this title or imprisoned not more than 1 year, or both.

8.      A "Federal facility" is "a building or part thereof owned or leased by the Federal Government, where Federal employes are regularly present for the purpose of performing their official duties." 18 U.S.C. § 930(g)(1).

9.      18 U.S.C. § 930(h) supplements this provision as follows:

Notice of the provisions of subsections (a) and (b) shall be posted conspicuously at each public entrance to each Federal facility, and notice of subsection (e) shall be posted conspicuously at each public entrance to each Federal court facility, and no person shall be convicted of an offense under subsection (a) or (e) with respect to a Federal facility if such notice is

not so posted at such facility, unless such person had actual notice of subsection (a) or (e), as the case may be.

10. A United States Post Office is a federal facility within the meaning of 18 U.S.C. § 930(a), (g), and (h).

11. The Defendants place the notices required by 18 U.S.C. § 930(h) at most United States Post Offices across the United States, thus prohibiting the possession of firearms for any purpose in United States Post Offices on the pain of criminal punishment.

12. This statutory scheme contains an exception though. 18 U.S.C. § 930(d)(3) permits "the lawful carrying of firearms or other dangerous weapons in a Federal facility incident to hunting or other lawful purposes."

13. Upon information and belief, the federal government and the Defendants, however, have never taken the position that carrying a firearm for the purpose of self-defense is a "lawful purpose" within the meaning of 18 U.S.C. § 930(d)(3).

14. In fact, the United States took the position in a recent criminal case in Florida that the "lawful purposes" exception provided by 18 U.S.C. § 930(d)(3) does not include self-defense. *See United States v. Ayala*, 8:22-cr-00369, Dkt. 32, pp. 18-22 (M.D.F.L).

**Plaintiffs David J. Nastri, Esq. And We The Patriots USA, Inc.**

15. It is hard to find a more responsible and exemplary member of his community than the Plaintiff, David J. Nastri. He is a combat veteran, a financial advisor, an attorney, a kidney donor, and an active member of his community.

16. In 2001, Nastri donated one of his kidneys to a local school teacher to save her life.

17. In 2009-2010, Nastri deployed to Afghanistan as a Staff Sergeant in the 1st Battalion, 102nd Infantry Regiment, Connecticut Army National Guard in support of

Operation Enduring Freedom. During that deployment, Nastri saw combat. Nastri's awards during his military service included the Afghanistan Campaign Medal with a Campaign Star, the Army Good Conduct Medal, and the Louisiana Emergency Service Medal. He was honorably discharged in March 2012.

18. As part of his military service, Nastri received comprehensive training on the safe and effective use of firearms, including handguns, and he was required to demonstrate proficiency in their safe and effective use under combat conditions. Nastri then answered his country's call and proved the efficacy of his training in combat. In other words, Nastri has received far more training on the safe and responsible use of firearms than the average person does, and he has proven his ability to adhere to that training under high-pressure circumstances that the average person will likely never encounter.

19. Nastri currently holds four FINRA licenses as a financial advisor, including a Series 7, a Series 63, a Series 66, and a Life & Health license. In addition to passing the rigorous background checks required for these licenses, Nastri holds a clean disciplinary record for all of his licenses.

20. Nastri earned his Master's in Business Administration (M.B.A.) in 2001 and his law degree in 2018 from Quinnipiac University. He became an attorney duly licensed to practice law in Connecticut on November 2, 2018, and he remains in good standing with no record of a disciplinary history.

21. Since his licensure and in what spare time he has left over from his full-time employment as a financial advisor, Nastri has represented numerous veterans on a pro bono basis in Veterans' Administration matters.

22. Nastri received his Connecticut pistol permit approximately 30 years ago, and he completed all of the safety training associated with obtaining it. He subsequently has held it in good standing since receiving it. Since his current permit does not reflect its initial issue date, Nastri cannot say for certain when he first received it, but his best recollection is that he has held it for more than 30 years.

23. Nastri carries a handgun for self-defense virtually every time he leaves his house and almost every place he goes.

24. Nastri rents a post office box at the United States Post Office located at 210 Maple Avenue, Cheshire, Connecticut 06410 to receive business mail as he sets up his own financial advisor's practice.

25. Nastri regularly enters this Cheshire Post Office to check his mail.

26. The Defendants have placed a notice near the door of the Cheshire Post Office reciting the 18 U.S.C. § 930(a)'s prohibition on carrying firearms in Post Offices and urging the public to report any violations to them.

27. Nastri intends to carry a handgun for self-defense when he enters this Post Office to check his post office box just like he does when he goes any other place where its possession is not prohibited in a manner consistent with the Second Amendment.

28. 18 U.S.C. § 930(a) prohibits Nastri from carrying a handgun for self-defense when he enters this Post Office because he fears federal criminal prosecution based on his knowledge of the Defendants' prosecution of individuals who violate it.

### There Is Little Difference Between Post Offices And Other Adjacent Locations Where Government May Not Prohibit The Possession Of Firearms.

29. The United States Postal Service has made significant attempts to integrate Post Offices into communities across the United States. Those attempts have succeeded.

30. In many locations across the United States, Post Offices rent and otherwise share the same localities as many other common businesses. Like those common businesses, Post Offices do not enforce any preconditions on a person's entry.

31. The examples are legion. For instance, a person could pull into the Post Office parking lot located at 115 Boston Avenue, Bridgeport, Connecticut 06610, buy stamps from the Post Office, and then walk to a beauty supply store located in the same building immediately adjacent to the Post Office to buy shampoo.



32. At 5 Court Street, Branford, Connecticut, 06405, a person could park at the Post Office, buy stamps from the Post Office, and then walk to a restaurant located in the same building immediately adjacent to the Post Office to enjoy a pizza.



33. At 548 Naugatuck Ave., Ste. 1, Milford, Connecticut 06460, Connecticut, a person can pull into a Post Office, buy stamps from the Post Office, and then walk to a

convenience store located in the same building immediately adjacent to the Post Office to buy a lottery ticket or a pack of cigarettes.



34. In each of these examples, there is no difference in the "sensitivity" of the Post Office and the businesses immediately adjacent to them. The only difference is that, on one side of the wall, carrying a firearm for self-defense is permissible and, on the other side, it is a federal criminal offense because the operator is the federal government.

35. Matters do not improve greatly at the 210 Maple Avenue, Cheshire Post Office that Nastri frequents. While the Post Office is located in a separate building, it stands a stone's throw away from other businesses in similar style buildings. Nothing

distinguishes the "sensitivity" of the Post Office compared to any other business in its neighborhood.

36. The Defendants' own conduct confirms the complete lack of "sensitivity" for Post Offices. No security guards police the entrance to ensure that people leave their weapons in their vehicles. There are no security measures to prohibit someone from walking into a Post Office with a firearm just like they would in the businesses immediately adjacent to them.

37. Additionally, the Plaintiffs investigated a random selection of 8 Connecticut Post Offices located at the following locations prior to filing this action:

    a. 101 N Main St, Beacon Falls, CT 06403

    b. 5 Court Street, Branford CT 06405

    c. 175 Main St Ste 2, East Haven, CT 06512

    d. 40 Putnam Ave, Hamden, CT 06517

    e. 548 Naugatuck Ave Ste 1, Milford, CT 06460

    f. 280 Branford Rd, North Branford, CT 06471

    g. 314 Main St Ste 11, Wallingford, CT 06492

    h. 115 Boston Ave, Bridgeport, CT 06610

38. Upon information and belief, only one of these Post Offices (Hamden) displays the notice required by 18 U.S.C. § 930(h) near the doors of their facilities, thus apprising the public that firearms are prohibited.

39. Conversely, in places that the United States considers "sensitive," security measures and warnings about the prohibition regarding weapons abound. At the door to each of Connecticut's three federal district courthouses, entrants are subject to airport-

style screening where they must empty their pockets, take off their belts, jackets, and headgear, remove their shoes in some cases, and pass through a metal detector. If the metal detector sounds an alarm, entrants are subject to further search by a wand-wielding court security officer.

40. The lack of such security measures at Post Offices renders them no different in terms of sensitivity than any other business where the federal government may not ban the carrying of firearms.

**COUNT ONE – THE UNITED STATES' PROHIBITIION ON THE POSSESSION OF HANGUNS IN UNITED STATES POST OFFICES VIOLATES THE SECOND AMENDMENT.**

41. Paragraphs 1 through 40 are incorporated herein.

42. The U.S. Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (Jun. 23, 2022) establishes a two-part test for Second Amendment claims:

   a. "[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Bruen*, 142 S.Ct. at 2126.

   b. "[T]he government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id*.

43. The Second Amendment's plain text indisputably covers the conduct that Nastri and We The Patriots USA's similarly situated members seek to engage in: the carrying of handguns for the purpose of self-defense in case of confrontation in United States Post Offices.

44. Under *Bruen*, the burden of proof now falls on the Defendants to show a historical analogue to 18 U.S.C. § 930(a)'s prohibition on the possession of firearms in

United States Post Offices. There are no such historical analogues that can save 18 U.S.C. § 930(a).

45. Thus, 18 U.S.C. § 930(a) – facially and as uniformly applied to United States Post Offices – violates Nastri's Second Amendment rights as well as the Second Amendment rights of We The Patriots USA's similarly situated members.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff seeks the following relief:

A. A declaratory judgment that 18 U.S.C. § 930(a)'s prohibition of the possession of firearms in United States Post Offices violates the Second Amendment to the United States Constitution;

B. An emergency temporary restraining order barring the Defendants from enforcing 18 U.S.C. § 930(a) against the possession of firearms in United States Post Offices by David Nastri and the other members of We The Patriots USA, Inc.;

C. A nationwide preliminary injunction barring the Defendants from enforcing 18 U.S.C. § 930(a) against the possession of firearms in United States Post Offices by David Nastri and the other members of We The Patriots USA, Inc.;

D. A nationwide permanent injunction barring the Defendants from enforcing 18 U.S.C. § 930(a) against the possession of firearms in United States Post Offices by David Nastri and the other members of We The Patriots USA, Inc.;

E. Costs and attorneys' fees;

F. Any such other and further relief that the Court deems just and reasonable.

The Plaintiffs,

By: <u>/s/ Cameron L. Atkinson /s/</u>
Cameron L. Atkinson, Esq. (ct31219)
ATKINSON LAW, LLC
122 Litchfield Rd., Ste. 2
P.O. Box 340
Harwinton, CT 06791
Telephone: 203.677.0782
Email: catkinson@atkinsonlawfirm.com